■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO ORTIZ, Appellant. [795 NYS2d 182]—

Judgment, Supreme Court, New York County (Bonnie

Wittner, J.), rendered April 19, 2002, convicting defendant, after a jury trial, of manslaughter in the first degree, two counts of criminal possession of a weapon in the second degree, and two counts of criminal possession of a weapon in the third degree, and sentencing him to an aggregate term of 15 years, unanimously affirmed.

The court properly precluded defendant from raising, in connection with the jury's evaluation of the voluntariness of defendant's statements, the failure of the police to advise him of his right as a Mexican national to consular notification of his arrest pursuant to article 36 of the Vienna Convention on Consular Relations (21 UST 77, TIAS No. 6820 [1963]). It is questionable whether this treaty provision confers judicially enforceable rights upon individuals, as opposed to foreign states (*see e.g. United States v De La Pava*, 268 F3d 157, 164-166 [2d Cir 2001]; *see also Breard v Greene*, 523 US 371, 376 [1998] [leaving issue open]). In any event, even assuming that the treaty confers such individual rights, a violation of the consular notification provision provides no basis for suppression of a statement (*see e.g. United States v Lombera-Camorlinga*, 206 F3d 882 [9th Cir 2000], *cert denied* 531 US 991 [2000]). We note that the treaty provision contains no language requiring that a foreign national be advised, prior to police questioning, of his or her right to consular notification. Therefore, we conclude that such a violation is not a circumstance affecting the voluntariness of a statement, and that there is no reason for evidence of such a violation to be considered by a jury in that regard (*see* CPL 60.45 [2] [b] [i]; 710.70 [3]; *People v Graham*, 55 NY2d 144 [1982]). Moreover, any probative value such evidence might have would be outweighed by its potential to confuse or mislead the jury (*see People v Davis*, 43 NY2d 17, 27 [1977], *cert denied* 435 US 998 [1978]).

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Andrias, Friedman, Sweeny and Catterson, JJ.